## Custodial Investment Accounts for State Funds

KANE, *Attorney General,* February 14, 1975— You have requested our opinion as to whether it would be legal for the Commonwealth to establish a "custodial investment account." The reason for

this proposal, as outlined in the letter of your office, is that substantial periods of time frequently pass between the time Commonwealth checks are issued and the time they are presented to the Commonwealth's various depository banks for payment. As a result, there is often a substantial amount of idle cash in the depository banks which accrue no earnings to the Commonwealth. Under your plan, the Treasury Department would establish custodial investment accounts in each such bank under which it would authorize and instruct the bank to withdraw a substantial portion of the checking account balance, transfer that amount to the custodial investment account, and use those funds for the purchase of short-term obligations for the account of the Commonwealth in which the Commonwealth may legally invest. The bank would also be authorized to liquidate those securities or any part thereof necessary to cover Commonwealth checks presented at the bank for payment. In this manner, the Commonwealth would at all times have sufficient monies and securities in possession of the bank to cover all outstanding checks and, at the same time, would be earning income on a portion of such funds.

We have reviewed State laws on this subject and can find no legal impediment to the adoption of such a procedure provided the depository bank, if State-chartered, is a bank and trust company under the Banking Code (7 PS §§102(g), 401). Section 402 of the code of November 30, 1965, P.L. 847 (no. 356), 7 PS §402, authorizes such banks and trust companies to act in the manner described. Federally-chartered banks may be granted similar authority: Act of September 28, 1962, 76 Stat. 668 12 USC §92a. We can find no other State law which would prohibit this plan.

One question which arises under Federal law is whether this would be a violation of Federal Reserve Board regulation Q, 12 C.F.R. §217.2 and the corresponding regulation of the Federal Deposit Insurance Corporation, 12 C.F.R. §329.2, which forbid any bank which is a member of the Federal Reserve System or bank insured by the FDIC to pay interest on demand deposits. As confirmed in a letter we have received from Hiliary H. Holloway, Vice President and General Counsel of the Federal Reserve Bank of Philadelphia, dated January 29, 1975, with respect to regulation Q, your plan would not violate any of these regulations. The bank will not, directly or indirectly, pay any interest on the funds; the bank, in fact, will pay nothing. The investments are the property of the Commonwealth of Pennsylvania. Any interest accruing to the Commonwealth would be paid by the obligor on the securities—not by the bank. The bank would merely act as a fiduciary in accordance with the laws we have cited.

Accordingly, it is our opinion, and you are so advised, that we find no legal impediment to entering into the "custodial investment account" program as outlined to us.